IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PUBLIC STORAGE, | ) | CASE NO. 1:14-cv-338 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VILLA GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Public Storage ("Public Storage"), by counsel, for its Complaint for Declaratory Judgment against Defendant Villa Group, Inc. ("Villa Group"), states:

### PARTIES, JURISDICTION, AND VENUE

1. Public Storage is a Maryland real estate investment trust with its principal place of business in Glendale, California.

2. Villa Group is an Indiana corporation with its principal place of business in Greenwood, Indiana.

3. This Court has subject matter jurisdiction over this matter because complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(1) as Defendant, Villa Group, resides in this judicial district.

### FACTS

5. On November 15, 1997, Villa Group and Shurgard Storage Centers, Inc. ("Shurgard") entered into a Ground Lease Agreement (the "Agreement") pertaining to certain real estate located at 10 E. County Line Road in Indianapolis, Marion County, Indiana, and

described more fully in Exhibit A to the Agreement (the "Leased Premises"). A copy of the Agreement is attached hereto as <u>Exhibit 1</u>.

6. The term of the Agreement began in November 1997, and ends on October 31, 2037, plus two, ten-year option periods (the "Lease Term").

7. On October 12, 1998, the parties entered into a First Amendment to Lease to amend the legal description of the Leased Premises (the "Amendment"), attached hereto as <u>Exhibit 2</u>.

8. In August 2006, Shurgard merged with a wholly-owned subsidiary of Public Storage. Pursuant to Section 29 of the Agreement, Public Storage is the successor to Shurgard's rights under the Agreement.

9. Any buildings or improvements constructed on the Leased Premises are collectively referred to as "Improvements" under Section 5 of the Agreement.

10. Pursuant to Section 6 of the Agreement, the Improvements are owned by Public Storage.

11. Pursuant to Section 37 of the Agreement, Villa Group granted Public Storage an option to purchase the Leased Premises (the "Purchase Option").

12. Section 37(A)(i) provides for the following Purchase Option Term:

> The Purchase Option granted by this Lease will commence on the last day of the tenth (10th) year of the Lease and will expire on the last day of the eleventh (11th) year of the Lease (the "Purchase Option Term"). If not then exercised, a Purchase Option Term will also extend during the sixteenth (16th) year of the Lease and every five (5) years thereafter for the remainder of the Lease Term, e.g. during the twenty-first, twenty-sixth, and thirty-first years of the Lease Term.

13. Section 37(A)(ii) provides that the Purchase Option may be exercised upon written notice to Villa Group ("Purchase Option Notice") during the Purchase Option Term.

14. Section 37(A)(iii) contemplates that Public Storage and Villa Group will agree upon the purchase price for the Leased Premises (the "Purchase Price").

15. If the parties cannot agree on the Purchase Price, Section 37(A)(iii) provides, in part:

> If they are unable to agree within thirty (30) days after the date of the Purchase Option Notice, [Villa Group] and [Public Storage] shall each engage and designate in writing to the other a certified real estate appraiser with an office in central Indiana who has experience in appraisals of storage facilities. The two appraisers shall each independently appraise the Lease Premises, based upon its then current use, and then confer with one another.

16. On September 26, 2013, Public Storage timely provided Villa Group with its Purchase Option Notice expressing its intent to exercise its option to purchase the Leased Premises.

17. The parties engaged in discussions regarding the Purchase Price, but were unable to agree on the appropriate Purchase Price for the Leased Premises.

18. On October 23, 2013 and November 27, 2013, Public Storage and Villa Group, respectively, timely provided written notice identifying their designated appraisers.

19. Villa Group interprets "Leased Premises" to include the Improvements, which Public Storage owns, and contends that the Purchase Price should take into account both the present market value of the Leased Premises and include the present value anticipated future annual cash flows from the Agreement through the remaining Lease Term.

20. On December 1, 2013, Villa Group's appraiser valued the Leased Premises at $1,300,000.00 (the "Villa Group Appraisal").

21. The Villa Group Appraisal valued the Leased Premises to include Improvements, including the self-storage facility and office, asphalt paving for parking and drives, lighting, an

automated gate, concrete walks and curbs, signage, and minimal landscaping. It used an income approach that valued the income stream of the Agreement.

22. Public Storage contends that the interpretation of the term "Leased Premises," for purposes of determining the Purchase Price, only includes the land, and the value thereof, free of any Improvements.

23. On December 3, 2013, Public Storage's appraiser valued the Leased Premises at $400,000.00 (the "Public Storage Appraisal").

24. The Public Storage Appraisal valued the Leased Premises as vacant land, free of Improvements, for commercial use.

25. The parties agree that the appraisal process is currently at a stand-still because the parties disagree as to what the appraisers are to value. The parties have mutually agreed to suspend the appraisal process pending the outcome of the requested declaratory judgment.

26. An actual dispute and controversy exists as to the interpretation of the contractual language in the Agreement.

## COUNT I – DECLARATORY RELIEF

27. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Public Storage seeks a judgment declaring the meaning of Section 37 of the Agreement, and delineating the parties' respective rights and obligations.

WHEREFORE, Public Storage respectfully requests that the Court issue an Order declaring that:

(a) The definition of "Leased Premises" in the Agreement does not include Improvements;
(b) For purposes of determining the Purchase Price, the parties are required to appraise the value of the Leased Premises as if vacant, and free of Improvements; and

(c) All other just and appropriate relief.

        Respectfully submitted,

        FROST BROWN TODD LLC

        By: */s/ Nelson D. Alexander*
            Nelson D. Alexander, #17211-49
            Jenai S. Mehra, #30025-49
            201 North Illinois Street, Suite 1900
            P.O. Box 44961
            Indianapolis, IN  46244-0961
            P: 317-237-3800
            F: 317-237-3900
            E: nalexander@fbtlaw.com
            E: jmehra@fbtlaw.com
            *Attorneys for Plaintiff*

INDLibrary2 0120274.0613678   1280851v2